UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| KATHLEEN MAKINEN and JAMIE NARDINI, | **PLAINTIFFS'** |
| Plaintiffs, | **PROPOSED VOIR DIRE** |
| - against – | 11 Civ. 7535 (ALC/GWG) |
| CITY OF NEW YORK; RAYMOND W. KELLY, as Police Commissioner of the City of New York; and SERGEANT DANIEL J. SWEENEY, individually and in his official capacity, | |
| Defendants. | |

_____

Plaintiffs **Kathleen Makinen** and **Jamie Nardini,** by and through their attorneys, respectfully submit plaintiffs' proposed Introductory Statement, and plaintiffs' Proposed *Voir Dire* questions for the prospective jurors.  The parties discussed language for the Introductory Statement, but were unable to agree on the same.  As a result, the parties are submitting their own proposed Introductory Statements.

DATED:   April 20, 2015                              Respectfully Submitted,

                                              **GLEASON, DUNN, WALSH & O'SHEA**
                                              Attorneys for Plaintiffs

                                              By   s/ *Lisa F. Joslin, Esq.*
                                                      **Lisa F. Joslin, Esq.  (LF 9245)**

                                              40 Beaver Street
                                              Albany, New York 12207
                                              Tel: (518) 432-7511
                                              Fax: (518) 432-5221

**Plaintiffs' Proposed Introductory Statement**

Plaintiff Jamie Nardini is a uniformed Police Officer in the New York City Police Department, and plaintiff Kathleen Makinen is now retired from service as an NYPD uniformed Police Officer. Defendant Raymond Kelly is the Police Commissioner of the City of New York.

The Counseling Services Unit ("CSU") is a unit of the NYPD which is designed to assist in the early detection, treatment, recovery and return to service of those members of the NYPD who are experiencing difficulties with alcohol (among other things). Defendant Sergeant Daniel Sweeney was the Commanding Officer of the CSU at all times relevant to this case.

During plaintiffs' employment with the NYPD, both were diagnosed by the CSU as suffering from a form of alcoholism, and as a result, were directed to undergo counseling and/or treatment under risk of suspension from service. Plaintiffs deny that they suffer (or have ever suffered) from any alcohol-related problem, and challenge their CSU diagnoses. Plaintiffs claim that the counseling and/or treatment they were directed to undergo was unwarranted, and had significant negative impacts on their personal and work lives. Ms. Nardini continues to be employed by the NYPD, and claims that her false diagnosis will follow her for the remainder of her career. Ms. Makinen claims that she was compelled to retire from the NYPD much earlier than she had originally planned, because she could no longer endure the stigma and other consequences of the label placed on her by the CSU. Plaintiffs argue that they were subjected to disability discrimination based on defendants' false perception that they were alcoholics.

Defendants deny that plaintiffs were subjected to discrimination. Defendants argue that the CSU properly conducted an individualized, good-faith assessment of each plaintiff's alcohol use, and that plaintiffs cannot establish that they were erroneously perceived as alcoholic.

**Plaintiffs' Proposed *Voir Dire* Questions**

**Knowledge of the Parties and Counsel**

1. Are you, any member of your family, or any close friend related to or acquainted with either Plaintiff Kathleen Makinen or Plaintiff Jamie Nardini?

2. Are you, any member of your family, or any close friend related to or acquainted with attorney Lisa F. Joslin, or any other member or employee of the law firm of Gleason, Dunn, Walsh & O'Shea, which represents the plaintiffs?

3. Are you, any member of your family, or any close friend related to or acquainted with the individual defendant, Raymond W. Kelly, who is the Police Commissioner of the City of New York?

4. Are you, any member of your family, or any close friend related to or acquainted with the individual defendant, Sgt. Daniel J. Sweeney?

5. Are you, any member of your family, or any close friend related to or acquainted with attorneys Eric Eichenholtz, Christopher Bouriat or Yuval Rubinstein, or any other member or employee of the office of the Corporation Counsel of the City of New York, which represents the defendants in this case?

6. Do you know any of the following individuals who may testify in this matter?

    a. Richard J. Frances, M.D.
    b. Police Officer Angel Torres
    c. Police Officer John G. Mazzella
    d. Police Officer Victoria A. Tobin
    e. Police Officer Paul Gillespie
    f. Detective Karl H. Schaefer, LMSW
    g. Detective Michael Bahrenburg
    h. Lt. Stephen O'Hare
    i. Captain (now Inspector) Ruel Stephenson
    j. Police Officer Thomas Sullivan
    k. Police Officer Andrew M. Derose
    l. Sgt. Shirley Pinkey
    m. Sgt. George Howley
    n. Sgt. Miguele Amoresano
    o. Sgt. Christopher Oberding
    p. Lt. Luigi Carruba
    q. Captain Theo Papadapolous
    r. Christine Carlozzi
    s. Marjorie B. Sugarman, LCSW-R
    t. Jennifer Plunket
    u. Emil Ishley

      v.      Tracy Sinatra
      w.    Victor Steely
      x.     Evie Zarkadas, Esq.
      y.     Irene J. Goldsmith, Esq.

7. Have you, any member of your family, or any close friend ever been employed by the City of New York Police Department? If so, please answer the following questions:

    a. Who is it, and what is the person's relationship to you?

    b. Are they still employed? Which precinct or location?

    c. What position does/did the person hold?

    d. If they left NYPD employment, please explain when and why.

**Experience in Litigation**

8. Have you ever been a plaintiff or a defendant in a lawsuit? If so:

    a. Please describe the lawsuit and its outcome.

    b. Is there anything about that experience in that lawsuit that would make you feel uncomfortable about being a juror in this case?

9. Have you ever sat on a jury before? If so,

    a. Was the action civil or criminal in nature?

    b. Did you deliberate? Did you reach a verdict?

    c. If a civil matter, did you award monetary damages?

    d. Was there anything about that experience which would make you feel uncomfortable about being a juror in this case?

**Employment Experiences**

10. Are you currently employed? If so, where?

    a. How long have you been employed there?

    b. What is your position? Were you in a supervisory role?

    c. Do you have the authority to hire or fire employees?

11. Have you ever felt that you had to resign or quit a job? Please explain.

12. Have you ever been threatened with suspension or termination of your employment? Please explain.

13. Have you ever been fired, laid off, or involuntarily removed from a job?

    a. How do you feel about that now?

    b. Did you file a grievance, a complaint with a government agency, or a lawsuit?

    c. If so, what was the result?

    d. Would it influence your verdict in this case?

14. Have you (or any member of your family, or close friend) ever been the subject of a workplace investigation?

    a. What happened?

    b. How did you feel about it?

**<u>Discrimination</u>**

15. Do you believe that you (or any family member, or close friend) have ever been the victim of any type of employment discrimination? Please explain.

16. Have you (any member of your family, or close friend) ever reported or complained about discriminatory conduct?

    a. To whom?

    b. Please describe complaint and its outcome.

    c. Was the complaint handled to your satisfaction (or the satisfaction of your family member or close friend)?

17. Have you (any member of your family, or close friend) ever been accused of discriminatory conduct? Please explain the nature of the complaint, and its outcome.

18. Have you ever been wrongfully accused of engaging in some type of improper conduct? Please explain.

**Impressions of Alcoholism**

19. Do you know anyone who suffers (or previously suffered) from any type of alcohol-related problem or illness? [You will not be asked for specifics.]

20. Have you ever been wrongfully accused of having an alcohol-related problem or illness? How did you handle the accusation?

21. Have you (or any family member or close friend) ever worked as an alcohol or substance abuse counselor? Please explain.

22. Have you (or any family member or close friend) ever worked in any other capacity in the fields of alcohol and substance abuse detection, counseling or treatment? Please explain.

23. Have you (or any family member or close friend) ever worked as any other type of addictions counselor? Please explain.

24. Have you (or any family member or close friend) ever worked in any other capacity in any other field of addiction detection, counseling or treatment? Please explain.

25. Due to the nature of this case, do you have any concerns about your ability to be unbiased and impartial as you hear the evidence and deliberate the claims presented?

**Attitude Toward People Who Litigate**

26. Do you think that people too often start lawsuits to solve their problems?

27. Do you feel that you are generally a little suspicious of people who sue?

28. Do you believe that a plaintiff has a right to recover monetary damages if she can demonstrate that she suffered injuries as a result of unlawful conduct on the part of the defendants?

29. Do you have any concerns about giving people financial compensation for injuries they may have suffered as a result of another's conduct?

30. Are you at all uncomfortable about awarding a large sum of money, if you find that a plaintiff is entitled to it?

31. Do you, for whatever reason, have a negative opinion of the legal system? Please explain.

32. Is there anything about your life experiences which leads you to believe that you should not be a juror in this case? Please explain.

33. Looking at yourself honestly, would you be able to follow the Court's instructions to lay aside all sympathy, bias, and prejudice, and base your decision solely on the law and the evidence presented?

DATED: April 20, 2015                    Respectfully Submitted,

                                         **GLEASON, DUNN, WALSH & O'SHEA**
                                         Attorneys for Plaintiffs

                                         By   s/ *Lisa F. Joslin, Esq.*
                                              **Lisa F. Joslin, Esq.  (LF 9245)**

                                         40 Beaver Street
                                         Albany, New York 12207
                                         Tel: (518) 432-7511
                                         Fax: (518) 432-5221

TO:   **ZACHARY W. CARTER**
      Corporation Counsel of the City of New York
      Attorney for Defendants
      100 Church Street, Room 2-183
      New York, New York 10007-2601
      Tel: (212) 356-2430
      Fax: (212) 356-2439

      Of Counsel:
      Eric Eichenholtz, Esq.
      Christopher Bouriat, Esq.
      Yuval Rubinstein, Esq.