UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

KATHLEEN MAKINEN and JAMIE NARDINI,

                      Plaintiffs,

      - against –

CITY OF NEW YORK; RAYMOND W. KELLY,
as Police Commissioner of the City of New York;
and SERGEANT DANIEL J. SWEENEY,
individually and in his official capacity,

                      Defendants.
_____

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED VOIR DIRE, JURY INSTRUCTIONS, AND VERDICT FORM**

11 Civ. 7535 (ALC/GWG)

      Plaintiffs **Kathleen Makinen** and **Jamie Nardini**, by and through their attorneys, respectfully submit the following Objections to Defendants' Proposed *Voir Dire*, Proposed Jury Instructions, and Proposed Special Verdict Form.

### DEFENDANTS' PROPOSED *VOIR DIRE*

      With respect to defendant's proposed *voir dire*, plaintiffs object to No. 18, which reads as follows:

> 18. Have you, or any of your relatives, or a close friend, ever been treated for alcohol abuse and dependency? If so, please state when and describe the circumstances.

In light of defendants' arguments at Point II of their Memorandum of Law in Support of Motion in *Limine*, (see Docket No. 85, at pp. 4-6), it is unclear why defendants would propose asking these questions to the prospective jurors. Indeed, in their motion, defendants seek to preclude plaintiffs from asking these types of questions of NYPD personnel during trial, on grounds that such information is specifically protected by 42 U.S.C. §290dd-2(a), *inter alia* (see Docket No.

85, at pp. 5-6). It stands to reason that such protection would extend to prospective jurors in open trial.

### DEFENDANTS' PROPOSED JURY INSTRUCTIONS

With respect to defendants' proposed jury instructions, plaintiffs object to certain language contained in Instruction Nos. 6, 9, 10, 11, 12, 13, 14 and 16.

**Instruction No. 6       Interested Witnesses**

Defendants' first paragraph of Instruction No. 6 identifies the plaintiffs as "interested witnesses," and then states that, "Other witnesses may also have a lesser degree of interest in the outcome of the case." Defendant Daniel Sweeney is not referenced by name as an "interested witness," nor is there any reference to the NYPD employees who will testify at trial. For these reasons, it is respectfully submitted that the opening paragraph to plaintiffs' corresponding instruction is more appropriate:

> Jury Instruction No. 12.    Interest in the Outcome and Other Bias
>
> In considering a witness's testimony, you should consider whether he or she has an interest, or lack of interest, in the outcome of the case. The plaintiffs and individual defendants, for example, all have interests in how this case is decided. As parties, they are all interested witnesses. Witnesses who are employed by the New York City Police Department also have interests in how this case is decided.

**Instruction No. 9       Burden of Proof**

Defendants' Instruction No. 9 is entirely one-sided, and contains no reference to defendants' burden of proof on their affirmative defenses. At a minimum, the jury charge should include the following statement: "The defendants have the burden of proving, also by a preponderance of the credible evidence, all elements essential to their affirmative defenses." However, it is plaintiffs' position that their proposed Instruction No. 5, entitled "Burden of Proof

2

– Preponderance of the Evidence," is more comprehensive, and more accurately reflects an unbiased charge.

**Instruction No. 10     Nature of Plaintiff's Claim**

The last paragraph of defendants' Instruction No. 10 is not appropriate in this charge, and is entirely repetitive of language appearing in several other charges.  Plaintiffs request that it be removed from the charge concerning the nature of plaintiffs' claims.  It is respectfully submitted that plaintiffs' proposed Instruction No. 14, titled "Plaintiffs' Claims – Generally," more appropriately introduces plaintiffs' claims.

**Instruction No. 11     Disability Discrimination Claims**

Plaintiffs object to defendants' Instruction No. 11 because it does not accurately reflect the elements to plaintiffs' claims under the New York City Human Rights Law.  Rather than separately analyze the differing elements to plaintiffs' claims, defendants lump them together and reference only the elements for the ADA and NYSHRL claims.

As this Court recognized in its September 30, 2014 Opinion & Order, it is the law in this Circuit that, "'[t]o state a claim for discrimination under the NYCHRL, a plaintiff must only show differential treatment' as opposed to the 'materially adverse employment actions' required under the ADA and the NYSHRL" (Docket No. 64, at p. 22, quoting Gorokhovsky v. N.Y.C. Hous. Auth., 552 App'x 100, 102 [2d Cir. 2014] [summary order]).  Thus, defendants' proposed Instruction 11 is contrary to the well-settled – and more protective – standard of the NYCHRL (id.; see also Morse v. JetBlue Airways Corp., 941 F. Supp. 2d 274, 292 (EDNY 2013), quoting Loeffler v. Staten Island Univ. Hosp., 582 F3d 268, 278 (2d Cir. 2009) ("similarly worded provisions of federal and state civil rights laws" are to be treated "as a floor below which the City's Human Rights law cannot fall").

3

Further, with respect to plaintiffs' NYCHRL claims, it is *defendants'* burden to demonstrate that plaintiffs *fail* to satisfy the essential requisites of their jobs, not the other way around (see Jacobsen v. New York City Health and Hospitals Corp., 22 NY3d 824, 834 [2014]). As the Court of Appeals recognized in Jacobsen,

> The City HRL forbids employment discrimination against physically and mentally impaired individuals, and **employers may raise** the inability of disabled employees to "with reasonable accommodation, satisfy the essential requisites of the[ir] job [s]" **only as an affirmative defense** to a City HRL claim.

(Jacobsen, supra at 834, quoting Administrative Code of City of N.Y. §8–107[15][b], emphasis supplied).

Because defendants' charge ignores the elements to plaintiffs' city law claim, as well as defendants' burden of proof with respect to the same, it is respectfully submitted that plaintiffs' Jury Instruction Nos. 15 and 17 more accurately reflect the standards applicable to their federal, state and city law claims.

**Instruction No. 12      Essential Function**

Plaintiffs object to this proposed charge for a number of reasons.  First, shown in response to Instruction No.11, defendants misstate the standard here, as well as which party has which burden of proof.  Contrary to defendants' proposed charge, under the NYCHRL, the plaintiffs do *not* have the burden of proving that they can perform the essential functions of their jobs.  Rather, it is the defendants' burden of proving that they cannot (Jacobsen, supra at 834; Administrative Code of City of N.Y. §8–107[15][b]).

Second, the plaintiffs do not (as defendants suggest) agree that all "police officers who are suffering from alcohol dependence or abuse are not qualified to perform the essential functions of the job."  In fact, it is well settled in the law, that individuals suffering from a

qualifying disability who are nevertheless capable of performing their jobs, with or without an accommodation, are protected under the disability discrimination statutes (see e.g., Brady v. Wal-Mart Stores, Inc., 531 F.3d 127, 134 [2d Cir. 2008]; Giordano v. City of New York, 274 F.3d 740, 747 [2d Cir. 2001]). To suggest that *all* police officers diagnosed as suffering from alcohol dependence or alcohol abuse are *per se* "unqualified" to perform the functions of their jobs is contrary to the purpose and spirit of the disability discrimination laws. This statement should not be contained within a jury charge.

Third, because the last two paragraphs of defendants' proposed Instruction No. 12 are more akin to closing argument than a jury charge, it is respectfully submitted that such language should not appear in a jury charge.

**Instruction No. 13     Adverse Employment Action**

Defendants' proposed Instruction No. 13 suffers from the same legal flaws found in their proposed Instruction Nos. 11 and 12 – that is, they misstate the standards of proof under the NYCHRL. Again, as this Court recognized in its Opinion & Order, "'[t]o state a claim for discrimination under the NYCHRL, a plaintiff must only show differential treatment' as opposed to the 'materially adverse employment actions' required under the ADA and the NYSHRL" (Docket No. 64, at p. 22, quoting Gorokhovsky v. N.Y.C. Hous. Auth., 552 App'x 100, 102 [2d Cir. 2014] [summary order]). Rather than explain the different standards applicable to claims under the ADA, NYSHRL and NYCHRL, defendants improperly group them together. As indicated above, plaintiffs' proposed Jury Instruction Nos. 15 and 17 more accurately reflect the standards applicable to their federal, state and city law claims.

5

**Instruction No. 14     Direct Threat**

Defendants' proposed Instruction No. 14 is inappropriate for three reasons, namely: it incorrectly places the burden of proof on the plaintiffs; it suggests that the issue of "direct threat" applies equally to all three claims; and it contains argumentative language which is improper for an unbiased jury charge.

First, the Second Circuit has held that "the employer generally bears the burden of demonstrating that a plaintiff poses a 'direct threat' to herself or others" (Nelson v. City of New York, 11-CV-2732 (JPO), 2013 WL 4437224 at *9-*10 [SDNY Aug. 19, 2013], citing, Hargrave v. Vermont, 340 F.3d 27, 35 [2d Cir. 2003]). The Nelson Court further noted that, "[p]ursuant to 42 U.S.C. §12113(b), an employer may defend itself against an ADA claim by demonstrating that its employee would 'pose a direct threat to the health or safety of other individuals'" (Nelson, supra at *10). Defendants provide no authority for the proposition that *plaintiffs* have the burden of proving that they do *not* pose a direct threat at work. Defendants' proposal is contrary to the law in this Circuit, which makes clear that the issue of a "direct threat" is an affirmative defense for which the defendants have the burden of proof.

Second, defendants provide no authority for their suggestion that this "direct threat" defense is applicable to claims brought under the NYCHRL. As with their other proposed instructions, defendants simply group the three statutory claims together in their analysis, which is plainly contrary to the purpose behind the City law (see Velazco v. Columbus Citizens Foundation, 778 F. 3d 409, 411 [2015]; Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 108 [2d Cir. 2013] ["in amending the NYCHRL, the City Counsel . . . that the NYCHRL had been 'construed too narrowly' and therefore 'underscore[d] that the provisions of [the NYCHRL] are to be construed independently from similar or identical provisions of New

6

York state or federal statutes'"], quoting Restoration Act §1]; Williams v. N.Y.C. Hous. Auth., 61 AD3d 62, 67 [1st Dept. 2009] [recognizing that "all provisions of the [NYCHRL] required independent construction to accomplish the law's uniquely broad purposes . . ."]).

On the other hand, plaintiffs' proposed Instruction No. 17 correctly describes the affirmative defense available to defendants here under the City HRL:

> For defendants to prevail on the plaintiffs' New York City Human Rights Law claims, defendants must prove by a preponderance of the credible evidence that plaintiffs could not satisfy the essential requisites of their jobs.

(See Romanello v. Intesa Sanpaolo, S.P.A. 22 NY3d 881, 886 [2013] ["the City HRL provides employers an affirmative defense if the employee cannot, with reasonable accommodation, 'satisfy the essential requisites of the job'"], quoting Administrative Code § 8–107[15][b]).

Finally, defendants' proposed Instruction No. 14 is inappropriate because it contains argumentative language more appropriate for a closing argument. Thus, it is respectfully submitted that the third paragraph in defendants' proposed instruction (beginning with "One must consider . . .") should not be included in the jury charge for this reason.

**Instruction No. 16     Introductory Instructions on Damages**

Defendants' proposed Instruction No. 16 contains a plainly incorrect statement of the facts of this case. In the first paragraph of their proposed charge, defendants state that "the only compensatory damages available in this case are for emotional pain and suffering." This is simply wrong, in that Kathleen Makinen has asserted consistently during this suit that, in addition to emotional pain and suffering, she seeks economic damages in the form of: lost wages and benefits in the amount of at least $50,400; out-of-pocket costs and expenses in the amount of at least $23,120; and lost earnings and retirement benefits in the amount of at least $50,000 (see Docket No. 82, at p. 17).

It is respectfully submitted that plaintiffs' proposed Jury Instruction Nos. 19, 20, 21, 22 and 23 more accurately reflect the damages issues presented by this suit.

### DEFENDANTS' PROPOSED SPECIAL VERDICT FORM

With respect to defendants' proposed special verdict form, plaintiffs submit that their questions regarding the various damages issues are more appropriate for consideration by the jury. Specifically, plaintiffs request that questions numbered 3, 4, 5, 6, 7, 10, 11, 12, and 13 of plaintiffs' proposed verdict form should be presented to the jury for deliberation of damages, rather than the questions proposed by the defendants regarding damages.

DATED:   April 27, 2015            Respectfully Submitted,

                                                                          **GLEASON, DUNN, WALSH & O'SHEA**
                                                                          Attorneys for Plaintiffs

                                                                          By   s/ *Lisa F. Joslin, Esq.*
                                                                              Lisa F. Joslin, Esq.  (LF 9245)
                                                                          40 Beaver Street
                                                                          Albany, New York 12207
                                                                          Tel: (518) 432-7511
                                                                          Fax: (518) 432-5221

TO:   **ZACHARY W. CARTER**
        Corporation Counsel of the City of New York
        Attorney for Defendants
        100 Church Street, Room 2-183
        New York, New York 10007-2601
        Tel: (212) 356-2430
        Fax: (212) 356-2439

        Of Counsel:
        Eric Eichenholtz, Esq.
        Christopher Bouriat, Esq.
        Yuval Rubinstein, Esq.