

**Z**ACHARY **W. C**ARTER
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007-2601

**C**HRISTOPHER **S. B**OURIAT
Labor and Employment Law Division
Telephone: (212) 356-2442
Fax No.: (212) 788-3770

April 27, 2015

**BY ECF**

Hon. Andrew L. Carter
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    Makinen, et al. v. City of New York, et al.
               Docket No. 11 Civ. 7535 (ALC)(GWG)

Dear Judge Carter:

      In accordance with Your Honor's Individual Rules, defendants file the following objections regarding plaintiffs' proposed *voir dire*, request to charge, and special verdict sheet.

**Plaintiffs' Proposed Voir Dire**: Defendants object to Nos. 11, 12, 14, 18, 20, 23, and 24 because they are argumentative, prejudicial, and not relevant to the present matter. Potential jurors should not be asked whether they "felt that [they] had to resign or quit a job," were threatened with suspension, have been the subject of a work place investigation, or accused of improper conduct because it would taint the jury pool by having potential jurors discuss such topics in various and unrelated contexts. *See* Nos. 11, 12, and 14.  Further, constructive discharge is not an issue in the present matter rendering such questions no longer relevant in this matter. *See Memorandum & Order* dated September 30, 2014 (ECF No. 64) at p. 20-21.  Additionally, inquiries into whether potential jurors have been "wrongfully accused" of having an alcohol-related problem is the predominant issue in the present case and it would be improper to have potential jurors taint the pool discussing this issue. *See* No. 20. Questions regarding "any other type of addictions" are also not relevant. *See* Nos. 23-24.

      Defendants also object to Nos. 25-31 because they are argumentative and prejudicial.  A general question about a potential juror's previous experience with the courts may

be appropriate, but specifically raising issues of litigiousness and financial compensation may taint the potential jury pool.

**Plaintiffs' Proposed Jury Instructions**: Defendants object to Request No. 14 because it improperly lays out only part of the ADA, NYSHRL, and NYCHRL standards, which is incomplete and likely confusing and misleading to a potential jury. The standard for each statute will be fully and more properly laid out during the rest of the jury instructions rendering the partial statement in Request No. 14 unnecessarily duplicative and confusing.

Defendants object to Request No. 15.

First, plaintiff Makinen improperly states that defendants agree plaintiff Makinen has met her burden of proving the second element of her claim under the ADA and NYSHRL, namely that the defendants *misperceived* plaintiff Makinen as suffering from a disability.

In a case of perceived disability, the plaintiffs may only satisfy their burden as to the second element if they can prove the defendants *wrongfully* perceived the plaintiffs as having a disability. *See Memorandum & Order* dated September 30, 2014 (ECF No. 64) at p. 17-18 ("Plaintiffs' gripe, rather, is with the legitimacy of Defendants' perception of them as disabled.") (emphasis added); *See Deane v. Pocono Medical Center*, 142 F.3d 138, 144 (3d Cir. 1998); *Matter of North Shore Univ. Hosp. v Rosa,* 194 A.D.2d 727, 729 (2d Dep't 1993), *aff'd*, 86 N.Y.2d 413 (1995) (plaintiff must be "incorrectly thought to be affected by a disability" to establish *prima facie* case) (emphasis added); *Doe v. Roe, Inc.*, 160 A.D.2d 255, 256 (1st Dep't 1990) (statute covers individuals who "contend they are not disabled but whom the potential employer perceives (wrongfully) to be disabled") (emphasis added).

Thus, plaintiff Makinen does not meet her burden merely because defendants perceived Makinen as having a disability; rather, Makinen must prove that said perception of a disability was incorrect, which is the essential factual dispute in the present matter.

Second, plaintiffs improperly request the jury be instructed that defendants carry the burden to prove plaintiff Makinen posed a direct threat to herself or others in the workplace. This Court noted in its September 30, 2014 decision that the Second Circuit has yet to decide which party bears the burden on direct threat. *See* Memorandum and Order at 25, fn.6. Defendants submit that Makinen should bear this burden because, as this Court expressly recognized, the "direct threat" analysis is ordinarily tied into the "essential functions of the job" analysis, for which Makinen bears the burden of proof. *See* Memorandum and Order at 25.

Defendants also object to Request No. 17 regarding plaintiffs' New York City Human Rights Law ("CHRL") claims.[1]  Plaintiffs assert, rather remarkably, that they "must show only that they were subjected to 'differential treatment' based on their perceived disabilities. This is their only burden of proof on the City law claim."  That is an incorrect statement of the law.

---

[1] Defendants' discussion of the CHRL is subject to defendants' previous objection that supplemental jurisdiction should not be exercised over plaintiff Nardini's remaining CHRL claim, and that both plaintiffs' CHRL claims are deficient as a matter of law because plaintiffs were not recovering alcoholics.

As noted above, plaintiffs must prove, as a threshold matter, that they were wrongfully perceived as alcoholic. Plaintiffs must similarly prove this wrongful perception to establish that they are "disabled" under Section 8-107(a) of the CHRL.

Plaintiffs also claim that defendants bear the burden of establishing that plaintiffs could not satisfy the essential requisites of the job. However, Section 8-115(b) of the CHRL states that this affirmative defense only applies "where the need for reasonable accommodation is placed in issue[.]" Plaintiffs have never asserted a reasonable accommodation claim, and steadfastly deny that they needed any accommodations for their alcoholism. Therefore, the affirmative defense set forth in Section 8-115(b) is inapplicable to this case.

Finally, defendants object to plaintiffs' assertion that they need only establish "differential treatment" under the CHRL, and not an adverse employment action. Defendants acknowledge that the Court's September 30, 2014 decision cited the "differential treatment" standard based upon *Gorokhovsky v. N.Y.C. Hous. Auth.*, 552 F.App' x 100, 102 (2d Cir. 2014) (summary order). However, defendants respectfully submit that New York state courts continue to apply the "adverse employment action" standard in CHRL discrimination cases (as opposed to CHRL retaliation cases). *See Melman v Montefiore Med. Ctr.*, 98 A.D.3d 107, 113-114 (1st Dep't 2012)(requiring plaintiff to establish adverse employment action in discrimination case under New York City Human Rights Law) *citing Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295, 306-07 (2004); *Whitfield-Ortiz v. Department of Educ. of the City of New York*, 116 A.D.3d 580, 581 (1st Dep't 2014)(CHRL claim dismissed where "none of the allegations listed in the complaint rises to the level of an actionable adverse employment action") <u>citing</u> *Forrest*, 3 N.Y.3d at 306-07. Accordingly, both plaintiffs should be required to prove under the CHRL that they incurred an adverse employment action.

Defendants object to Request No. 21 because plaintiffs assert economic damages under the pretense that said damages are encompassed by compensatory damages. Defendants also object in so much as plaintiff Makinen attempts to assert the ability to recover for any lost wages or retirement benefits resulting from her decision to retire because this Court has already dismissed her allegation of constructive discharge. *See* Memorandum and Order at 21.

Defendants object to Request No. 23 because it is inappropriate and is not a matter for the jury's consideration. *See Longo v. Breda Transp., Inc.*, 2008 U.S. Dist. LEXIS 30590 (S.D.N.Y. Mar. 31, 2008)(" No court within the Second Circuit has endorsed this approach[.]"); *Pappas v. Watson Wyatt & Co.*, 2008 U.S. Dist. LEXIS 34 (D.Conn. Feb. 5, 2008)("In any event, the Court does not believe that it is an appropriate exercise of the Court's discretion to require the Defendant to compensate the Plaintiff for the tax consequences of these elements of her compensatory damages.").

**Plaintiffs' Proposed Verdict Form**: Plaintiffs propose that they need only prove that they were "subjected to discrimination on the basis of a perception of disability." *See* Question Nos. 1 and 8. Once again, plaintiffs have omitted any requirement to prove they were wrongfully perceived as alcoholic. Thus, plaintiffs' proposed verdict form will only confuse the jury regarding the applicable legal standard.

For the reasons noted above, defendants also object to Question No. 3 which incorrectly states that compensatory damages includes "lost wages; out-of-pocket costs and expenses; and/or lost retirement benefits and earnings."

Finally, defendants object to Question Nos. 7 and 13 regarding a "tax gross-up" for any lump-sum payments plaintiffs are awarded by the jury. Such a consideration is not appropriate for the jury's consideration.

    Respectfully,

    Christopher Bouriat
    Yuval Rubinstein
    Assistant Corporation Counsels

cc. Lisa Joslin, Esq. (via ECF)