UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
KATHLEEN MAKINEN and JAMIE
NARDINI,

      Plaintiffs,

   -against-

CITY OF NEW YORK, RAYMOND W.
KELLY, as Police Commissioner of the City
of New York, and SERGEANT DANIEL J.
SWEENEY, individually and in his official
capacity,

      Defendants.
------------------------------------------------------------- x

USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 2/23/19

1:11-cv-07535 (ALC) (GWG)

**OPINION AND ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

  Plaintiffs Kathleen Makinen, Jamie Nardini, and Angel Torres brought this action against Defendants the City of New York, former Police Commissioner Raymond Kelly, and Sergeant Daniel Sweeney, alleging that Defendants discriminated against Plaintiffs based on a perceived disability in violation of the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). Pl. Mem. Supp. Mot. Attorneys' Fees 2, ECF No. 183. Plaintiffs also alleged violations of the Fair Labor Standards Act ("FLSA"), the New York Public Health Law § 18, and the common law in the form of breach of duty of confidentiality, negligence, defamation, and defamation *per se*. *Id*.

## PROCEDURAL HISTORY

  On January 26, 2015, Torres accepted Defendants' Offer of Judgment for $75,001 plus reasonable attorneys' fees, costs, and expenses accrued to the date of the offer (January 14, 2015). The remaining Plaintiffs, Makinen and Nardini, pursued their claims under the NYCHRL

1

at trial and were awarded damages in the amount of $46,100 and $105,000 respectively. After trial, Defendants moved for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b) and for a new trial pursuant to Fed. R. Civ. P. 59. The Court granted Defendants' motion for judgment as a matter of law as to Plaintiffs' punitive damage awards against Defendant Commissioner Kelly, but denied Defendants' other motions. *Makinen v. City of New York*, 167 F. Supp. 3d 472 (S.D.N.Y. 2016), *aff'd in part, rev'd in part*, 722 F. App'x 50 (2d Cir. 2018). Accordingly, Makinen and Nardini's awards were reduced to $31,100 and $90,000 respectively. *Id.*

On October 16, 2015, Plaintiffs' sought fees and costs from Defendants in connection with their success on this matter. ECF No. 139. The Court partially granted Plaintiffs' motion. *Makinen v. City of New York*, No. 111CV07535ALCAJP, 2016 WL 1451543, at *1 (S.D.N.Y. Apr. 12, 2016). On February 16, 2018, however, the Second Circuit ruled that Defendants were not liable for discrimination against Makinen and Nardini under the NYCHRL. *Makinen v. City of New York*, 722 F. App'x 50, 52 (2d Cir. 2018). As such, the Court entered judgment in favor of Defendants on all claims asserted by Plaintiffs Makinen and Nardini. ECF No. 174.

Plaintiff Torres now seeks attorneys' fees in the amount of $301,537.50, which includes fees incurred in pursuing fees owed, costs in the amount of $73,961.93, and post judgment interest in connection with Torres's success in this matter. ECF No. 181. Defendants do not dispute that Plaintiff Torres is a prevailing party and Plaintiffs' counsel is entitled to fees; instead, Defendants provide several arguments as to why the fees and costs should be reduced across the board by 75%, which would result in fees of $75,384.38 and costs of $18,490.48. For the reasons set forth below, the Court will award attorneys' fees in the amount of $184,510.50 and costs in the amount of $38,101.93.

# DISCUSSION

## I. Attorneys' Fees

The NYCHRL provides that a court, "in its discretion, may award the prevailing party costs and reasonable attorney's fees." N.Y.C. Admin. Code § 8-502(g). In calculating fees, courts begin by determining the "presumptively reasonable fee," often referred to as the "lodestar." *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). The Court previously determined the lodestar, which parties do not dispute here. *Makinen*, 2016 WL 1451543, at *3-4. Defendants, however, argue that the fee award should be reduced because (a) contrary to the Offer of Judgment, Plaintiff Torres seeks fees accruing after January 14, 2015, i.e., the date of the Offer of Judgment; (b) Plaintiff Torres seeks fees for work performed on behalf of all three Plaintiffs; (c) the relief obtained for Plaintiff Torres falls short of the relief requested in the Amended Complaint; and (d) excessive hours were expended on the case. Defs.' Opp. Mot. Attorneys' Fees 4-9, ECF No. 185.

### a. "Fees on Fees"

Like contracts, an offer of judgment under Rule 68 must be given effect according to its terms so long as the offer and acceptance "is clear and unambiguous." *Steiner v. Lewmar, Inc.*, 816 F.3d 26, 31 (2d Cir. 2016). Hence, where "'a plaintiff accepts an offer of judgment that includes fees 'up to the date' of the offer, the Court, as a general matter, should not award fees for work performed on the plaintiff's claims after that date.'" *Williams v. City of New York*, No. 16-CV-233 (JPO), 2017 WL 1906899, at *4 (S.D.N.Y. May 9, 2017) (quoting *Lee v. Santiago*, No. 12 CIV. 2558 PAE DF, 2013 WL 4830951, at *5 (S.D.N.Y. Sept. 10, 2013)). "Courts, however, are somewhat divided on the question of whether this means that counsel should not be compensated for time spent preparing a subsequent fee application." *Lee*, 2013 WL 4830951, at

*5 (collecting cases); *John v. Demaio*, No. 15CV6094NGGCLP, 2016 WL 7469862, at *11 (E.D.N.Y. Sept. 29, 2016), *report and recommendation adopted*, No. 15CV6094NGGCLP, 2016 WL 7410656 (E.D.N.Y. Dec. 22, 2016) (same).

While some courts have adopted a formalist stance as to the question of "fees on fees," *see, e.g., Williams*, 2017 WL 1906899, at *4, others, relying on principles of equity, have granted fees on fees reasoning that "[b]y not settling the attorneys' fees issue, [Defendant] was put on notice that time spent by counsel in seeking fees would become a component of 'reasonable attorney's fees.'" *Rosado v. City of New York*, No. 11 CIV. 4285 SAS, 2012 WL 955510, at *6 (S.D.N.Y. Mar. 15, 2012). *See also Thomas v. City of New York*, No. 14CIV7513ENVVMS, 2017 WL 6033532, at *9 (E.D.N.Y. Dec. 1, 2017) (reasoning that a lack of a fees on fees cutoff provision coupled with the principle that "'it would be inconsistent to dilute a fees award by refusing to compensate attorneys for the time they reasonably spent in establishing their rightful claim to the fee'" warranted fees on fees) (citing *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008)).

The Court grants Plaintiff's request for fees incurred in connection with this application and its previous application for fees as a matter of equity. The language of the Rule 68 offer does not suggest that Defendants intended to pay fees on fees, but it also does not clearly foreclose Plaintiff from seeking such fees. Equity thus compels the Court to grant fees on fees as it would be unfair to deny reasonable fees incurred in seeking fees that are owed as a matter of law or contract. *See generally Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir. 1999) ("a reasonable fee should be awarded for time reasonably spent in preparing and defending an application for . . . fees."). Moreover, the Court did not deny any fees on fees in its previous order partially granting Plaintiffs' Motion for Attorneys' Fees, even though some of the fees on fees being

4

sought were in connection with the Rule 68 Offer of Judgment. *Makinen*, 2016 WL 1451543, at *1. Hence, Defendants were on notice that Plaintiff would seek such fees as part of its application if parties did not reach a settlement. *Rosado*, 2012 WL 955510, at *6.

Plaintiff's counsel's request for $17,940 in fees for work done on this fee application, however, seems excessive. The work counsel did for the previous application and the Court's corresponding order should have substantially aided counsel in preparing the current application, meaning the current application should have required less labor and fewer costs. Counsel's fees for the previous fee application was $25,415, which was only marginally more expensive than the current application. As "the district court has the authority to make across-the-board percentage cuts in hours as a practical means of trimming fat from a fee application," the Court will reduce the $17,940 sought by 20%. *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 226, 237 (2d Cir. 1987) (citations omitted).

### b. "Intertwined" Fees

Defendants next ague that fees must be reduced because Plaintiff is seeking fees for work performed on behalf of all three Plaintiffs. Defs.' Opp. Mot. Attorneys' Fees 6, ECF No. 185. Defendants rely primarily on *Adorno v. Port Auth. of New York & New Jersey*, 685 F. Supp. 2d 507, 517-18 (S.D.N.Y. 2010), *on reconsideration in part*, No. 06 CIV. 593 (DC), 2010 WL 727480 (S.D.N.Y. Mar. 2, 2010) to argue that "in a multi-plaintiff case, where some plaintiffs succeed and some fail," counsel should not "be compensated for the time spent prosecuting the unsuccessful plaintiffs' claims." Plaintiff, however, argues that where the claims of multiple plaintiffs stem from a common nucleus of facts, work done on behalf of all plaintiffs are compensable. Pl. Mem. Supp. Mot. Attorneys' Fees 15, ECF No. 183.

The Court holds that fees incurred on behalf of all three Plaintiffs is due to counsel, but an across the board reduction of 30% is also warranted. Though not binding on the Court the Court is persuaded by *McKenna v. City of Philadelphia*, 582 F.3d 447, 458 (3d Cir. 2009), which held that a district court, in an exercise of its discretion, can grant fees counsel incurred in pursuing claims for unsuccessful plaintiffs where the claims of the successful and unsuccessful plaintiffs share a common core of facts. *Adorno* is not inconsistent with this holding; the court in that case noted that the claims of the successful plaintiffs were "severable from the claims of the unsuccessful plaintiffs," and thus, fees for work on behalf of the unsuccessful plaintiffs were not warranted. 685 F. Supp. 2d 507, 517. Therefore, the Court will grant some fees incurred in connection with work on behalf of all three Plaintiffs. There is no dispute that there was factual and legal overlap between all three Plaintiffs claims, meaning some of the work done for the unsuccessful Plaintiffs aided the successful Plaintiff.

The Court, however, is unable to discern from billing entries how much the work for the unsuccessful Plaintiffs actually benefitted the successful Plaintiff. Indeed, even though there was a common core of facts, there were also issues that were unique to each Plaintiff such that summary judgment in favor of Defendants was granted with respect to Plaintiff Nardini, but not as to the other Plaintiffs. *Makinen v. City of New York*, 53 F. Supp. 3d 676, 705 (S.D.N.Y. 2014). To account for the uncertainty regarding the degree to which labor on behalf of the unsuccessful Plaintiffs' is tantamount to labor for Plaintiff Torres, the Court will deduct 30% from $283,597.50, which represents the total of fees less the $17,940.00 in fees incurred in the pursuit of this fee application.

### c. Limited Success

Defendants' also argue that Plaintiff Torres achieved limited success, warranting a reduced fee. Defs.' Opp. Mot. Attorneys' Fees 7-8, ECF No. 185. In the Court's previous decision regarding fees, the Court held that a 10% reduction of the fees was warranted because Plaintiffs did not prevail on a majority of their claims though the Court acknowledged that "the majority [of the claims involved] . . . 'a common core of facts' and were 'inextricably intertwined' with the successful claims." *Makinen*, 2016 WL 1451543, at *4 (S.D.N.Y. Apr. 12, 2016) (quoting *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999)). The Court sees no need to alter its previous holding. Thus, a 10% reduction to $283,597.50 will also be applied here. *See Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983 (holding that a district court in its discretion may "reduce the award to account for the limited success.").

### d. Reasonableness of Hours Expended

Defendants' final argument for reducing the fee award is that Plaintiff's counsel spent excessive hours on this case and Defendants' cite the Court's previous order reducing the fee award due to Plaintiff's counsel's vague time entries and the use of block billing. Defs.' Opp. Mot. Attorneys' Fees 8-9, ECF No. 185. Plaintiff's counsel, however, made a good faith effort to minimize block billed and vague entries in accordance with the Court's previous order. Indeed, Defendants' do not identify any examples that would warrant an across-the-board reduction; as such, the Court declines to do so.

***

In sum, the $17,940.00 of the $301,537.50 sought in connection with this fee application is reduced by 20% to $14,352. The remaining $283,626.50 is reduced by 40% to $170,176.50. As a result, Plaintiff is entitled to $184,528.50 in attorneys' fees.

## II. Costs

Plaintiffs request a total of $73,961.93 to cover costs and expenses incurred in their prosecution of this case. Defendants seek a 75% across-the-board reduction, primarily objecting to the payment of $61,100.00 in expert fees. The Court previously decreased expert fees sought by 20% due to the fees being excessive and vague. *Makinen*, 2016 WL 1451543, at *8. Plaintiff now only seeks expert fees in connection with the work Dr. Richard Frances conducted pre-trial, as trial related work is not relevant to Plaintiff Torres. In Dr. Frances's bill, however, there are still pre-trial entries specific to Plaintiffs Makinen and Nardini. Aff. Lisa F. Joslin, Esq., Supp. Mot. Attorneys' Fees Ex. 10, ECF No. 182. The Court will exclude these entries, which total $29,425.

The Court will also remain consistent with its previous order and reduce the remaining expert fees by 20% due to some entries being excessive (e.g., the 18 hours spent in one day to conduct interviews and draft a report for Torres) and other for being vague (e.g., 27.5 hours spent on interviews, communications, and revisions of reports). *See Access 4 All, Inc. v. Mid-Manhattan Hotel Assocs. LLC*, No. 13-CV-7995 JMF, 2014 WL 3767009, at *3 (S.D.N.Y. July 31, 2014) (reducing costs were descriptions were vague). As a result, Plaintiff is entitled to $25,740.00 in expert fees. This plus the $12,361.93 sought in costs associated with litigating this matter, which the Court deems reasonable for six years of litigation, leads to a sum of $38,101.93 in costs that is owed to Plaintiff.

## III. Post-Judgment Interest

Finally, Plaintiff also seeks post-judgment interest on the $75,001 judgment, but Defendants argue that the express terms Offer of Judgment waive Plaintiff's claims to post-judgment interest. Defs.' Opp. Mot. Attorneys' Fees 10, ECF No. 185. Plaintiff counters that

8

the Offer of Judgment also required payment of the full judgment, including fees, within 90 days of the offer, which has clearly not occurred, and thus, Plaintiff's claim to interest is not waived. Pl. Reply Supp. Mot. Attorneys' Fees 10, ECF No. 187. The Court disagrees. Though the Offer of Judgment waives Plaintiff's claim to post-judgment interest while also requiring judgment to be paid in full within 90 days of the acceptance of the offer, there is no language indicating that the waiver specifically is conditioned upon payment within 90 days. Offer of Judgment 3, ECF No. 70. Accordingly, Plaintiff's request for post-judgment interest is denied.

## CONCLUSION

For the reasons set forth above, the Court grants in part and denies in part Plaintiff's motion for attorneys' fees, costs, and post-judgment interest. The Court awards: (1) attorneys' fees in the amount of $184,510.50; and (2) costs in the amount of $38,101.93.

**SO ORDERED.**

**Dated: February 28, 2019**
  **New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**